## INSUFFICIENT EVIDENCE TO SUPPORT REFORMATION OF CONTRACT.

Court of Appeals for Hamilton County.

MICHAEL J. GIBBONS v. THE J. H. DAY COMPANY.[*]

Decided, July 19, 1915.

*Contract for Heating Building—Action for Reformation of Contract— Evidence Insufficient to Warrant Reformation.*

Under the rule that before a contract can be reformed the evidence establishing a mistake must be clear and convincing and must show that the mistake was not that of one of the parties alone but was mutual, the court is unable to grant the prayer for a reformation of the contract in this case.

*Littleford, James, Ballard & Frost* and *Van Deman & Vorys,* for plaintiff.

*Clore & Clayton,* contra.

[*]Motion to direct the Court of Appeals to certify its record overruled by the Supreme Court, May 9, 1916.

GORMAN, J.

The action below set out in the petition consisted of three causes. The first was to reform the contract for the heating of the defendant company's plant on Harrison avenue in this city, which contract was entered into between. the plaintiff and the defendant.

The contract is in writing, signed on behalf of plaintiff by M. W. Ward, superintendent, and on behalf of the defendant company by J. H. Day as president. At the time of the trial of the case below Mr. Day was dead and Mr. Ward was *non compos*, so that the testimony of neither was available. It is claimed by the plaintiff that there was a mutual mistake in the execution of the contract in that there was omitted therefrom a reference to the plans and specifications, and that the same were to be made a part of the contract.

We have examined the record and considered the briefs of the parties in this case, and we are unable to find that there was a mutual mistake made by the parties. The contract for the heating of defendant company's plant appears to be full and complete, and there is no evidence before us which tends to show that the parties had before them any plans and specifications, or intended to make them a part of the contract either by reference or by attachment to the contract. It is elementary law that in order to warrant a court in reforming a contract, the evidence to establish a mistake must be clear and convincing, and that the mistake was not that of one of the parties alone but was mutual.

We are unable to find from the evidence in this case that there was a mistake made by the parties hereto, and we therefore deny the prayer of the petition as to the first cause of action, which cause of action will be dismissed at the cost of the plaintiff.

The issues made upon the second and third causes of action set out in the petition are not before us, and the case will be remanded to the court of common pleas for further proceedings according to law.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.